IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                                       OPINION and ORDER

              Plaintiff,

                                       11-cv-333-bbc

     v.

MARK LESATZ, LT. SWIEKATOWSKI,
JEAN LUTSEY, MICHAEL J. MOHR,
JEANANNA ZWIERS and
JOHN DOE ATTORNEY GENERAL,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, has filed this action under 42 U.S.C. § 1983, alleging that defendants have failed to provide him with adequate medical treatment both in the past and the present, and that they have misled this court into believing that he failed to exhaust his administrative remedies in previous litigation. Plaintiff has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. After applying 28 U.S.C. § 1915(g) to plaintiff's claims, I conclude that his claims regarding his medical treatment in 2006 and the ensuing

1

lawsuit do not meet this requirement and he will have to pay a $350 filing fee to pursue these claims. Also, I conclude that plaintiff's Eighth Amendment claims regarding his current treatment violate Fed. R. Civ. P. 8, and he will have to file an amended complaint if he wants to pursue these claims. Therefore, I will give plaintiff a chance to choose which claim or claims he wishes to litigate in this case.

I draw the following facts from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Dwayne Almond was transferred to the Green Bay Correctional Institution on March 31, 2006. The Health Services Unit there was aware that plaintiff has reported chronic back pain. The weekend that plaintiff was transferred, his back "went out on him" and he fell to the floor in severe pain. Plaintiff was unable to get up.

Defendant Mark Lesatz, a lieutenant at the prison, was supervising plaintiff's segregation unit that weekend. On April 3 or 4, 2006, Lesatz saw plaintiff on the floor and was aware that he was in severe pain and could not get up, but he left plaintiff on the floor rather than assisting him.

On April 4, 2006, defendant Lieutenant Swiekatowski came to the segregation unit and took plaintiff to the Health Services Unit. Defendant Nurse Lutsey examined plaintiff but did not treat him in any way, despite the fact that plaintiff remained in pain. This examination does not show up in plaintiff's medical records. Defendant Jeananna Zwiers, manager of the medical records in the Health Services Unit, was aware of plaintiff's request

for treatment but did not correct the omitted examination.

When plaintiff brought a lawsuit in this court regarding this treatment, defendant Michael Mohr, an institution complaint examiner, lied in his affidavit that plaintiff failed to exhaust his administrative remedies regarding this claim. The lawyers for the state conspired with Mohr to deceive the court.

Plaintiff continues to have back pain. Plaintiff also has a "lower abdomen infection" that is "eat[ing] up" his abdomen, but he is not receiving adequate medical care for either ailment.

OPINION

28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. Almond v. State of Wisconsin, 06-C-447-C, decided August 23, 2006; Almond v. State of Wisconsin, 06-C-448-C, decided August 23, 2006; and Almond v. State of Wisconsin, 06-C-449-C, decided August 24, 2006. Therefore, he cannot proceed in this case unless I can find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and must show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations. In his complaint, plaintiff first raises claims that defendants Lesatz, Swiekatowski, Lutsey and Zwiers ignored his need for medical care in 2006, and that in the ensuing lawsuit, defendants Mohr and John Doe Attorney General conspired to lie to the court about whether plaintiff exhausted his administrative remedies regarding the lack of treatment. As plaintiff should be well aware from the numerous cases he has filed in this court, these claims regarding treatment in 2006 do not qualify under the imminent danger standard because they concern actions that occurred in the past. Defendants' actions in 2006 regarding an incident in segregation and an ensuing lawsuit have nothing to do with plaintiff's *current* treatment. Therefore, plaintiff cannot proceed with these claims unless he pays the full $350 filing fee.

Plaintiff's other claims appear to be that he is not receiving adequate treatment for his back and abdomen ailments. These claims might meet the imminent danger standard, but I cannot make that determination on the basis of plaintiff's current pleadings because his allegations regarding these claims violate Fed. R. Civ. P. 8.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement

of the claim showing that the pleader is entitled to relief." At this point, plaintiff's allegations are too vague to alert the proper defendants of what they did to violate plaintiff's rights. One problem is that plaintiff does not say which defendants were involved in his current treatment. Another problem is that plaintiff does not provide enough detail about his claims, such as what he has done to request treatment and how defendants have responded to his complaints. Another possible problem for plaintiff is that he has just litigated claims about treatment for his back in case no. 09-cv-335-bbc. In that case, judgment was entered in defendants' favor on March 7, 2011. Unless plaintiff can identify more recent problems with his treatment that were not a part of that lawsuit, his claims regarding his back ailments cannot succeed.

Given the problems with plaintiff's complaint detailed above, he will have to choose how to proceed with this lawsuit. He will have until July 15, 2011 to choose one of the following options.

If he wishes to proceed in forma pauperis only on his Eighth Amendment claims regarding his current treatment, he will have to submit an amended complaint that more clearly sets out his claims in accordance with Rule 8, and he will also have to tell the court whether he wishes to dismiss his claims about past care in 2006 and the lawsuit connected to that treatment.

If he wishes to proceed only with his claims about the 2006 treatment and the ensuing lawsuit in which he contends that state employees conspired to lie about his exhaustion of state remedies, he will have to pursue this case as a paying litigant. He must

submit a check or money order made payable to the clerk of court in the amount of $350 and also indicate his desire to dismiss his claims about his current care.

If plaintiff wishes to pursue both claims, then he will have to submit $350 for the filing fee *and* amend his complaint to set out in more detail his claims about his current treatment.

ORDER

IT IS ORDERED that plaintiff Dwayne Almond may have until July 15, 2011, to advise the court how he wishes to proceed with this case as explained above.

Entered this 24th day of June, 2011.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge