IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                                     ORDER

                Plaintiff,

                             11-cv-333-bbc

      v.

JEAN LUTSEY, JEANANNA ZWIERS,
DR. RICHARD HEIDORN
and MICHAEL BAENEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this case, plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, brought claims that defendants are violating his Eighth Amendment rights by being deliberately indifferent to his back and abdominal problems.  In a December 15, 2011 order, I granted defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies with regard to his claims, stating:

> As stated in his complaint, plaintiff's claims in this case are limited to his medical treatment following his February 19 and 25, 2010 examinations finding "questionable" lower back pain and a "minimal amount of air in [plaintiff's] small bowel."
>
>     The problem for plaintiff is that he has not exhausted his administrative remedies with respect to these claims.  Both sides provide a report documenting plaintiff's inmate grievance history, which shows that he has not pursued any inmate grievances about the medical treatment or lack of medical treatment for his back or abdomen from February 2010 onward. Plaintiff seems to recognize this because he highlights various grievances from pre-February 2010, but those grievances pertain to treatment that predates the claims in this case and thus cannot serve to exhaust his current claims.  Also,

1

he highlights a grievance from April 2010 regarding the denial of the medication for treating his mental illness, but this grievance is not related to his back and abdominal problems.

Dkt. #39 at 4-5.  Now plaintiff has filed a motion I will construe as a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), as well as a notice of appeal.  The purpose of a Rule 59 motion is to bring the court's attention newly discovered evidence or a manifest error of law or fact.  E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).  In order to obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief.  Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

I will deny plaintiff's motion because he fails to clearly establish a ground for relief. Instead, plaintiff quotes large swaths of this court's previous rulings regardless whether that language supports his argument, as I have previously instructed him not to do.  His only substantive argument is that he has exhausted his claims by filing inmate complaint no. GBCI-2009-6451 and related appeals.  However, this complaint does not suffice to exhaust his current claims, for two reasons.  First, plaintiff's March 2009 complaint came too early to exhaust claims regarding the lack medical treatment following *February 2010* examinations.  Second, this inmate grievance concerned plaintiff's complaints that prison staff stopped outgoing mail addressed to the District Court for the Eastern District of Wisconsin that staff believed contained plaintiff's urine sample.  A grievance about the blocking of mail (albeit mail plaintiff believes is related to his medical claims) is not sufficient to exhaust claims about medical treatment.

2

I turn to plaintiff's notice of appeal.  Because plaintiff has not paid the $455 fee for filing an appeal, I construe his notice as a request for leave to proceed in forma pauperis on appeal.  A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or if the litigant is a prisoner and has three strikes. § 1915(a)(1), (3) and (g).  Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998).  Defendants have filed an objection to plaintiff's request, stating that plaintiff has three strikes and courts have concluded in plaintiff's previous cases that he is not in imminent danger.  I need not consider defendants' objection because I am certifying that plaintiff's appeal is not taken in good faith—there is no legally meritorious basis for plaintiff's argument that he has exhausted his administrative remedies.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  With his motion, he must include an affidavit as described in the first paragraph of Rule 24(a), with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order.  Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If plaintiff does not file a motion requesting review of this order, the court of appeals

may not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require plaintiff to pay the entire $455 filing fee before it considers his appeal. If plaintiff does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal and order the court to arrange for collection of the fee from plaintiff's prison account.

ORDER

IT IS ORDERED that

1.  Plaintiff Dwayne Almond's motion to alter or amend the judgment, dkt. #42, is DENIED.

2.  Plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that his appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 28th day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4